## WILLIAM H. QUINN and Another v. R. J. JOHNSON and Another.[1]

May 3, 1912.

Nos. 17,693—(56).

**Purchase in good faith — evidence.**

In this action, involving the title to land, it is *held* the evidence sustains the finding that defendants purchased the land from the record owner of the title for a valuable consideration, in good faith, and without notice of certain unrecorded deeds.

**Application of recording act.**

Under R. L. 1905, § 3357, a subsequent purchaser in good faith for a valuable consideration, whose conveyance is first duly recorded, has the title as against a prior unrecorded conveyance, notwithstanding the fact that he purchases from the holder of an unrecorded deed from the record owner, and files for record this deed with that to himself, and thus completes the chain of title of record.

[1] Reported in 135 N. W. 1000.

[Note] Burden of proof as to bona fides of purchaser claiming against prior unrecorded conveyance or encumbrance, see note in 36 L.R.A.(N.S.) 1124.

Action in the district court for St. Louis county to determine adverse claims. The complaint recited the facts given in the opinion, alleged a conspiracy between Maginnis, McLaughlin, Ferguson and Christie to cheat and defraud plaintiffs, and upon information and belief alleged that defendants purchased the lands with full knowledge of all the facts set out, that they paid nothing therefor, but that the conveyance was executed and received as part of the scheme to cheat and defraud plaintiffs. The answer alleged defendants had no notice or knowledge of any defects in the title or of any fraud on the part of Maginnis or anyone else. By way of counterclaim defendants alleged that the land was sold for a valuable consideration, that it is vacant and unoccupied, and plaintiffs claim some right or interest in the land hostile to defendants. The case was tried before Ensign, J., who made findings and as conclusion of law ordered judgment in favor of defendants. Plaintiffs' motion for a new trial was denied. From the judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*William B. Phelps,* for appellants.

*Fryberger & Fulton,* for respondents.

BUNN, J.

This action was brought to determine adverse claims to an undivided two-thirds interest in one hundred twenty acres of land in St. Louis county. Plaintiffs claimed to be the owners of this interest, and defendants claimed title in themselves. The case was tried by the court without a jury, and decided in defendants' favor. Plaintiffs' motion for a new trial was denied, and they appealed from the judgment thereafter entered.

The question involved on this appeal is whether the evidence sustains the decision that defendants were purchasers in good faith and for a valuable consideration, and therefore entitled to the protection of the statute against plaintiffs' prior unrecorded deed. The material facts are as follows:

The land in controversey was on January 18, 1902, part of the public lands of the United States and subject to entry under its laws.

On that day one McLaughlin made application for the land and filed certain "soldier's additional scrip" on the same at the land office in Duluth. February 11, 1902, plaintiffs purchased from McLaughlin an undivided two-thirds interest in the land for $320, and McLaughlin executed and delivered to plaintiffs a warranty deed to the same, which was recorded February 13, 1902. December 21, 1903, McLaughlin filed in the land office at Duluth a relinquishment of his application for said land; the fact being that the scrip was worthless and the application invalid.

Thereafter, and prior to October 1, 1904, one Maginnis filed in the local land office at Duluth certain "Santa Fé railroad" scrip and an application for the lands. This application was allowed, and it was ordered that a patent from the United States should issue on said application to the Santa Fé Railroad Company, and thereupon a patent was issued to said company. October 4, 1904, the railroad company conveyed the land to Maginnis. This deed was recorded April 18, 1905. June 15, 1908, Maginnis executed and delivered a deed of the land to Mary L. Washburn, of Seattle, Washington, who on June 22, 1908, executed and delivered a deed of the land to McLaughlin. Neither of these deeds was recorded until after the trial of the action. Plaintiff's title is based upon this unrecorded deed to McLaughlin, and the claim that the title then acquired passed to plaintiffs by virtue of the warranty in the deed of February 11, 1902.

It must be and is conceded that the title to an undivided two-thirds interest is in plaintiffs, unless defendants purchased the land in good faith and without notice of the deed to McLaughlin. This brings us to a consideration of the facts concerning defendants' title and the evidence as to good faith and notice.

June 9, 1909, Maginnis executed a quitclaim deed of the land to Robert Christie. June 18, 1909, Robert Christie executed and delivered to defendants a warranty deed of the land, in consideration of $1,500 paid by defendants. Both of these deeds were recorded June 18, 1909.

The trial court found that defendants purchased the land from the

record owner of the title for a valuable consideration, in good faith, and without notice or knowledge of any kind of the deeds from Maginnis to Mary L. Washburn and from Mary L. Washburn to McLaughlin, or of the claims of plaintiffs. It is this finding that plaintiffs assail. They do not claim that the evidence tends to show that defendants had any actual notice of the unrecorded deeds, and there is no foundation for such a claim.

It appeared that, about a year before defendants purchased, S. F. White, a Duluth lawyer, was employed by John C. Ferguson to examine the title to the land. Ferguson was negotiating with Mary L. Washburn for its purchase, and the deed to her from Maginnis, and a deed from her executed in blank had been forwarded to the First National Bank of Duluth, to be delivered to Ferguson upon the payment of a definite sum named by the seller as the purchase price. Ferguson was unwilling to pay the price named, and the deal was not made.

A year later, when the deed from Maginnis to Christie was forwarded to the City National Bank, Ferguson approached defendants with a proposition to purchase the land. They consulted estimates as to the timber made by reputable cruisers, and finally agreed to purchase, if the title was found good, at the price of $1,500, and to give Ferguson an option to buy the land from them for $1,700 at any time on or before October 1, 1909. Defendants employed S. F. White as their attorney to examine the title. White had examined the records as attorney for Ferguson a year before, and reported to defendants that the title was good, whereupon, on June 17, 1909, defendant Smith gave to White his check for $1,500 to close the deal. White deposited this check to his own credit in the City National Bank, and drew his own check for $1,001, payable to the bank, for the purpose of paying the draft that Maginnis had drawn for the price at which he sold to Christie, with instructions to the bank to hold the check until he should telephone an order to pay it, after examining the records "to see if anything had been filed." White then took the deed from Maginnis to Christie and the deed from Christie to defendants, and, finding that "nothing had been filed" in the office

of the register of deeds, filed the deeds for record and telephoned the bank to pay the draft, which was done. Out of the balance of the $1,500 check, White retained $50 as his fees, paid taxes and the cost of recording the deeds and bringing down the abstract, and gave his check for the balance to Ferguson.

The chief contention that plaintiff makes on these facts is that the knowledge gained by White when he examined the title for Ferguson a year before should be imputed to defendants. The great difficulty with this proposition is the entire absence of evidence tending to show that White acquired any knowledge of the Washburn or McLaughlin deeds, or of plaintiff's claim of title, when he was acting as Ferguson's attorney. He testifies positively that he knew nothing about such deeds, and Ferguson says that he did not inform him of them. White's examination of the records disclosed the deed from McLaughlin to plaintiffs of 1902, and a deed from plaintiffs to the Colquet Lumber Company; but his examination of the land office records showed conclusively that McLaughlin had no title to convey. We cannot hold that he was bound to inquire of plaintiffs, or of the lumber company, as to whether they claimed title, or as to what the basis of such claim was, or that he is to be charged with knowledge of any title or claim that such an inquiry might have given him. It is quite plain, we think, that the rule that the knowledge of an agent may be imputed to his principal has no application, for the reason that the evidence fails to show knowledge on the part of the agent, if for no other reason.

The claim that Ferguson was acting as agent for defendants cannot be sustained. Nor are we permitted to infer bad faith on defendants' part because they retained White, rather than some other lawyer, or because they intrusted him with the money and full power to close the deal if he found the title good, or because of any of the various circumstances pointed out by plaintiffs as suspicious, or as indicating bad faith. Neither is there merit in the claim that the consideration paid was so inadequate as not to constitute a "valuable consideration," or as to be evidence of bad faith. The record fails to bear out this contention. We fully assent to the principles that the registry act cannot be used as an instrument of fraud, that, if

the circumstances are such as to inform the purchaser that some wrong is sought to be perpetrated, he cannot blindly shut his eyes and then assume the character of a bona fide purchaser, and that knowledge of facts that ought to have put the purchaser on inquiry is constructive notice of every fact that such inquiry would presumably have disclosed.

Clearly it was not necessary to show actual notice of the unrecorded deeds, and not necessary to prove bad faith or fraud by direct evidence. But it was necessary to have evidence of circumstances reasonably tending to show that defendants had notice of facts that should have put them on inquiry, or reasonably tending to show that they knew or ought to have known that there was fraud in the transaction. Certainly we cannot presume that defendants acted in bad faith, and we are clearly of the opinion that the evidence is ample to sustain the finding of the trial court in their favor.

It is contended that defendants are not entitled to the protection of the statute, because the title which they purchased was not a complete record title. This argument is based upon the fact that the patent to the railway company was not recorded in the office of the register of deeds, and upon the fact that the deed from Maginnis to Christie was not recorded at the time defendants purchased. It is impossible to see how the fact of the nonrecording of the patent can help plaintiffs. The records in the land office disclosed that it had been issued, and both plaintiffs and defendants claim title under it. Nor is there merit in the fact that the deed from Maginnis to Christie was not of record at the time the deed to defendants was delivered. It was placed of record by defendants, together with the deed from Christie to them, and completed the chain of title on the records. Clearly defendants are within the protection of the statute. R. L. 1905, § 3357. Their "conveyance" was "first duly recorded," and, if they purchased in good faith and for a valuable consideration, the unrecorded conveyance under which plaintiffs claim title was void as to them.

Our conclusion is that the findings of fact are sustained by the evidence, and that the conclusions of law are sustained by the facts.

Judgment affirmed.